## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DeANGELO SANDERS,**
**No. 06788-025,**

**Petitioner,**

     **vs.**                      **Case No. 16-cv-1249-DRH**

**T. WERLICH,**

**Respondent.**

### MEMORANDUM AND ORDER

**HERNDON, District Judge:**

This matter is before the Court for a preliminary merits review. Petitioner is currently confined at the FCI- Terre Haute, Indiana. He brought this habeas corpus action while he was incarcerated at the FCI-Greenville, Illinois, and this Court retains jurisdiction over the matter.

The Court must evaluate the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as this action under 28 U.S.C. § 2241.

**Background**

Petitioner was convicted after a jury trial in this Court of being a felon in possession of an unregistered firearm, in violation of 26 U.S.C. §§ 5845, 5861(d), 5871 (Count 1), and 18 U.S.C. § 922(g)(1) (Count 2). *United States v. Sanders*, Case No. 05-cr-30200-MJR. On January 19, 2007, he was sentenced to 120 months on the unregistered firearm charge (Count1) and a concurrent 295 months on the felon-in-possession charge (Count 2). His sentence was enhanced based on the finding that he was an armed career criminal. 18 U.S.C. § 924(e). He had two prior convictions for aggravated battery, as well as two convictions for burglary. (Doc. 1-1, pp. 1-2).

Petitioner's conviction and sentences were affirmed on direct appeal in March 2008. *United States of America v. Sanders,* 520 F.3d 699 (7th Cir. 2008). He then filed a petition to vacate, correct, or set aside his sentence under 28 U.S.C. § 2255, which was dismissed in April 2010. *Sanders v. United States*, Case No. 09-cv-182-MJR (S.D. Ill.).

Subsequently, Petitioner filed three separate actions seeking leave from the Court of Appeals to file a second or successive § 2255 motion. Each was unsuccessful. The two most recent requests sought to challenge Petitioner's enhanced sentence under *Johnson v. United States*, -- U.S. --, 135 S. Ct. 2551 (2015) (holding that the imposition of an enhanced sentence under the residual clause of the Armed Career Criminal Act ("ACCA") is unconstitutional). Permission was denied in the first of Petitioner's applications because his

sentence was not imposed pursuant to the residual clause.  Instead, the two burglary convictions were for an offense specifically listed in the ACCA, and the aggravated battery convictions contained an element of physical force.  *Sanders v. United States*, No. 15-2875 (Doc. 6) (7th Cir. Sept. 25, 2015).  The holding in *Johnson*, therefore, offered no relief for Petitioner.

In 2016, Petitioner filed his most recent application with the Seventh Circuit, again invoking *Johnson*, but also relying on *Mathis v. United States*, -- U.S. --, 136 S. Ct. 2243 (2016).  *Mathis* held that an Iowa burglary conviction did not qualify as a predicate violent felony offense under the ACCA because the Iowa statute, which criminalized entry into a vehicle, was broader than the "generic" offense of burglary listed in § 924(e)(2)(B)(ii) – which must involve the unlawful entry into a building or other structure.  *Mathis*, 136 S. Ct. at 2250-51, 2257. The Seventh Circuit found that Petitioner's *Johnson* claim could not be raised in a successive § 2255, because he had attempted to raise it earlier.  However, the court noted that *Mathis* "is a case of statutory interpretation [and] does not announce 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court.'"  *Sanders v. United States*, No. 16-2822 (Doc. 7) (7th Cir. July 29, 2016).  The appellate court denied Petitioner's application to bring a successive § 2255 motion, but instructed that "[a]n independent claim based on *Mathis* must be brought, if at all, in a petition under 28 U.S.C. § 2241." *Id.*

The instant petition followed.

## The Petition

Petitioner's first burglary conviction was under 720 ILL. COMP. STAT. 5/19-3, on September 21, 1992, in Case No. 92-CF-194.  (Doc. 1, p. 6; Doc. 1-1, p. 2). This conviction, along with the two aggravated battery convictions, was used to enhance Petitioner's sentence under the ACCA.  It was revealed in the government's response to one of Petitioner's applications to bring a successive § 2255 motion that Petitioner had also been convicted of burglary in a 2002 case (Case No. 02-CF-2841, under 720 ILL. COMP. STAT. 5/19-1.  (Doc. 1-1, p. 2).  By that time the statute had been amended.

Petitioner asserts that when he was convicted of residential burglary under the 1992 Illinois statute, that law did not conform to the "generic burglary" definition as recently explained in *Mathis*.  (Doc. 1, p. 6; Doc. 1-1, p. 3).  The Illinois statute at the time defined "dwelling" to include "a building or portion thereof, a tent, a vehicle, or other enclosed space which is used or intended for use as a human habitation, home, or residence."  (Doc. 1-1, p. 3; quoting 720 ILL. COMP STAT. 5/19-3(a)).  Section 5/2-6 further provides that "[f]or the purposes of Section 19-3 of this code, "dwelling" means a house, apartment, mobile home, trailer, or other living quarters . . . ."  The inclusion of a vehicle in the list of "dwellings" broadens that version of the Illinois statute beyond "generic burglary," and indicates that Petitioner's 1992 conviction should not have been used as a predicate conviction to trigger the enhanced sentence he received.

Likewise, Petitioner argues that his 2002 Illinois burglary conviction was based on a too-broad statutory definition of the location of the crime, which included vehicles such as "watercraft, aircraft, motor vehicles and railroad car[s]." (Doc. 1, p. 7; Doc. 1-1, p. 4). Therefore, this conviction also does not qualify as a proper predicate conviction for ACCA sentencing.

Petitioner asserts that § 2255 is inadequate to address his *Mathis* challenge to his enhanced sentencing, and that his claim qualifies for review under the "savings clause" of § 2255(e). (Doc. 1-1, pp. 6-7). His existing sentence is 5 years longer than he would have received if he had been given the statutory maximum term without the ACCA enhancement. As relief, he requests that his sentence be vacated and the case remanded for resentencing absent the armed-career-criminal enhancement.

### Discussion

As a general matter, "28 U.S.C. § 2241 and 28 U.S.C. § 2255 provide federal prisoners with distinct forms of collateral relief. Section 2255 applies to challenges to the validity of convictions and sentences, whereas § 2241 applies to challenges to the fact or duration of confinement." *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) (citing *Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000). *See also Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012); *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998).

Under very limited circumstances, a prisoner may employ § 2241 to challenge his federal conviction or sentence. 28 U.S.C. § 2255(e) contains a

"savings clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  *See Hill*, 695 F.3d at 648 ("'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.'") (citing *Taylor v. Gilkey,* 314 F.3d 832, 835 (7th Cir. 2002). *See also United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002).  The fact that Petitioner may be barred from bringing a second/successive § 2255 petition is not, in itself, sufficient to render it an inadequate remedy.  *In re Davenport*, 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior § 2255 motion).  Instead, a petitioner under § 2241 must demonstrate the inability of a § 2255 motion to cure the defect in the conviction. "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *Davenport*, 147 F.3d at 611.

The Seventh Circuit has explained that, in order to fit within the savings clause following *Davenport*, a petitioner must meet three conditions.  First, he must show that he relies on a new statutory interpretation case rather than a constitutional case.  Secondly, he must show that he relies on a decision that he could not have invoked in his first § 2255 motion, *and* that case must apply

retroactively.   Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013).  *See also Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012).

Petitioner invokes *Mathis v. United States*, — U.S. —, 136 S. Ct. 2243, 195 L. Ed. 2d 604 (2016), as grounds for his argument that his two Illinois burglary convictions no longer qualify as predicate felonies for an ACCA-enhanced sentence.  The Seventh Circuit has determined that the 1975 version of the Illinois burglary statute (which appears to include the same language Petitioner challenges herein), like the statute under review in *Mathis*, did not fit the definition of generic burglary. *United States v. Haney*, 840 F.3d 472, 475-76 (7th Cir. 2016).  Further, the appellate court found that "substantive decisions such as *Mathis* presumptively apply retroactively on collateral review." *Holt v. United States*, 843 F.3d 720, 721-22 (7th Cir. 2016) (citing *Davis v. United States*, 417 U.S. 333 (1974); *Montgomery v. Louisiana*, — U.S. —, 136 S. Ct. 718, 193 L. Ed. 2d 599 (2016)).  Because *Mathis* was not decided until 2016, Petitioner could not have relied on it in his original § 2255 motion.  Finally, the additional 5-year sentence imposed on Petitioner as a result of the ACCA enhancement is significant enough to warrant habeas review.  The Petition appears, therefore, to fall within the savings clause, making § 2241 an appropriate vehicle to review his claims.

Furthermore, the Seventh Circuit, in rejecting Petitioner's most recent application to bring a successive § 2255 motion to present this identical issue,

noted that Petitioner's *Mathis* claim "must be brought, if at all, in a petition under 28 U.S.C. § 2241." *Sanders v. United States*, No. 16-2822 (Doc. 7) (7th Cir. July 29, 2016).

## Disposition

Without commenting on the merits of Petitioner's claims, the Court concludes that the Petition survives preliminary review under Rule 4 and Rule 1(b) of the Rules Governing Section 2254 Cases in United States District Courts.

**IT IS HEREBY ORDERED** that Respondent shall answer or otherwise plead within thirty days of the date this order is entered (on or before April 20, 2017).[1] This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and

---

[1] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only. *See* SDIL-EFR 3.

each opposing party) informed of any change in his whereabouts during the pendency of this action.  This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.  Failure to provide such notice may result in dismissal of this action.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**Dated: March 22, 2017**

Digitally signed by Judge
David R. Herndon
Date: 2017.03.22 14:11:47
-05'00'

**United States District Judge**